CELERON ISLAND CORPORATION *v.* GROSSE ILE TOWNSHIP

1. Towns — Boundaries — Judgment — Parties — Complete Disposition.

Judgment determining that an island is not within the political boundaries of defendant township, but not determining what township it is in, enjoining defendant township from exercising control over the island, and making no disposition of taxes held by the county clerk pending outcome of the litigation must be reversed and remanded for joinder of necessary parties and such determinations as are necessary for a decision of the political status of the island and disposition of taxes.

Reference for Points in Headnotes
[1, 2] 52 Am Jur, Towns and Townships § 7.

2. TOWNS—BOUNDARIES—ACQUIESCENCE—EVIDENCE.

> The rule that political boundaries long acquiesced in will not
> be disturbed applies to acquiescence by the parties directly
> involved in an action and not to how others may have considered
> them; therefore map extracts from a county tract index de-
> partment showing that that department considered an island
> to be within the political boundaries of defendant township
> were properly excluded when the only parties in the action
> were the owner of the island, the township, and its officers.

Appeal from Wayne, John B. Swainson, J. Sub-
mitted Division 1 December 11, 1969, at Detroit.
(Docket No. 6,842.) Decided March 25, 1970.

Complaint by Celeron Island Corporation against
Grosse Ile Township and others to enjoin them from
exercising governmental control over Celeron Is-
land; and counterclaim by Grosse Ile Township
against the Celeron Island Corporation to enjoin it
from altering the natural terrain of Celeron Island.
Summary judgment for plaintiff. Defendant ap-
peals. Reversed and remanded.

*Stroia & Stroia,* for plaintiff.

*Berry, Hopson, Francis & Mack (Robert W. Kef-
gen,* of counsel) for defendant.

Before: LESINSKI, C. J., and LEVIN and DANHOF,
JJ.

DANHOF, J. Grosse Ile Township is made up of a
rather large island called Grosse Ile, of about 5,704
acres, together with several smaller islands which
surround it. One of the islands south and a little
west of Grosse Ile is known as Celeron Island. It
consists of about 184 acres of which about 124 are
above water. Natural or semi-natural canals run

through it. It is owned by the Celeron Island Corporation, a Michigan corporation, which plans to subdivide and develop the island for summer residence use in the form of summer cottages and recreational uses incident thereto.

On October 27, 1914, the Wayne County Board of Supervisors passed a resolution splitting off an easterly portion of Monguagon Township and thereby creating the township of Grosse Ile. The salient portion of that resolution reads:

"Resolved, ordered and enacted as follows: That the township of Monguagon be and the same is hereby divided, and a new township be and the same is hereby erected in said county of Wayne, which shall be designated as the township of Grosse Ile, and shall consist of all of that portion of said township of Monguagon lying easterly of the center of the channel of the westerly or American channel or branch of the Detroit River and including Calf Island, so-called in said channel, as indicated upon the map aforesaid."

Attached to the resolution is a map of Monguagon Township which does not disclose Celeron Island on it.

Plaintiff commenced its action by complaint and order to show cause requesting a preliminary injunction against the defendant. The defendants filed their answer and the municipal defendant, Grosse Ile Township, filed a counterclaim seeking an injunction *pendente lite* and a permanent injunction at trial restraining the plaintiff from continuing to dredge or otherwise alter the natural terrain of Celeron Island except in accordance with the dredging permit issued by the township of Grosse Ile.

There was an initial hearing before the trial court on March 25, 1968, in which counsel argued the respective positions of the litigants. Each sought a

preliminary injunction. Plaintiff sought to enjoin the defendant from exercising any governmental control over Celeron Island, including taxation, because of the absence of jurisdiction predicated on the position that Celeron Island was not part of the township of Grosse Ile; and conversely, Grosse Ile Township took the position that Celeron Island was part of the township, that it was subject to regulation by the township and that a preliminary injunction should issue prohibiting the plaintiff from proceeding with development in disregard of township regulation.

At this hearing defendant Grosse Ile Township offered Harold Glassford to testify as an expert map maker. After being qualified, Mr. Glassford testified that the map attached to the Wayne county supervisors' resolution was accurately drawn except that Celeron Island was left out; that he could not tell if the map maker intended to exclude Celeron Island; that Celeron Island lies to the east of the thread of the stream; and that the thread of the stream is the deepest part of the stream which would represent the American channel.

It was stipulated that private claim 53 was granted by the United States government to Sarah Macomb early in the nineteenth century and included not only Grosse Ile but five surrounding islands, of which Celeron Island was one.

At a further hearing on April 29, 1968, the trial court advised counsel for the respective parties that he had considered the briefs submitted by each side and that a temporary injunction would issue as requested by the plaintiff.

On November 30, 1968, the trial court denied defendant's motion to advance and granted plaintiff's motion for summary judgment.

The trial court assumed as a fact that Grosse Ile Township had been collecting taxes on Celeron Is-

land for 45 years, but made no determination as to where Celeron Island belonged in terms of political boundaries, but only that it was not within the political boundaries of Grosse Ile Township. The court did not require a bond and made no disposition of taxes deposited with the Wayne County clerk pending final disposition of the case.

Unfortunately, all parties requisite to complete determination of the central question, namely, what is the political status of Celeron Island, were not brought before the trial court. Therefore, we must reverse and remand the cause to the circuit court for the county of Wayne with instruction that the court order joinder of all the necessary parties, including, but not limited to, the state of Michigan, Brownstown Township, Monguagon Township or the successor to the remainder thereof after the partition of October 27, 1914, the city of Gibraltar and the county of Wayne, as provided in GCR 1963, 205.2.

The trial court is ordered to make such determinations as are necessary for complete and equitable relief including a decision as to the political status of Celeron Island and the disposition of the taxes paid by the plaintiff to the Wayne County clerk's office.

Additionally, the trial court is directed to take such action as it may deem necessary to prevent irreparable harm to Celeron Island and its environs until a final decision is reached.

Defendant's proposed exhibits A–1, A–2, A–3 and A–4, being map extracts from a tract book *Evolution of Wayne County* maintained by the Wayne County tract index department, were denied admission. They were offered for the purpose of showing that that department of the county of Wayne had treated Celeron Island as being part of the township of Grosse Ile since 1914. Defendant argued that this

was supportive of the doctrine of long acquiescence in political boundaries. See *Village of Elberta* v. *City of Frankfort* (1956), 347 Mich 173, and *Auditor General* v. *Klenk* (1968), 381 Mich 255, where that doctrine was considered a decisive factor.

The trial judge denied admission of the exhibits on the basis that they were irrelevant since the rule of long acquiescence in political boundaries is based on how the parties directly involved considered themselves and not on how others may have considered them. We think that ruling was correct as it pertained to the current parties. However, with the addition of new parties this ruling should be re-examined if the exhibits are again offered by the defendant.

Reversed and remanded for proceedings in accordance with the foregoing opinion. We do not retain jurisdiction.

All concurred.